**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**- ELKINS -**

ELECTRONICALLY FILED
JUN 19, 2026
U.S. DISTRICT COURT
Northern District of WV

JOHN SPENCER and
CHRISTI SPENCER,
husband and wife,

Plaintiffs,

**CIVIL ACTION NO: 2:26-CV-27 (KLEEH)**

v. \\ Civil Action No.: 26-C-_______
Judge ______________________

JAMES TAYLOR,

Defendant.

# COMPLAINT

1. Plaintiff John Spencer is a resident of the State of Maryland.

2. Defendant James Taylor is a resident of the State of Ohio.

3. Venue is proper in the United Stated District Court for the Northern District of West Virginia, Elkins Division, pursuant to 28 U.S.C. §1391(b)(2), as the events giving rise to Plaintiff's cause of action arose in Tucker County, West Virginia.

4. Original jurisdiction is proper in the United Stated District Court for the Northern District of West Virginia, Elkins Division, pursuant to 28 U.S.C. §1332(a)(1) [Diversity of Citizenship] as the amount in controversy exceeds the $75,000.00 jurisdictional minimum and the Plaintiff and Defendant reside in different states.

## COUNT I – Negligence

5. The Plaintiff repleads, as though fully set forth herein, all other paragraphs

of this Complaint.

6. On January 30, 2025, the Plaintiffs were skiing at the Timberline Mountain Ski Resort in or near Davis, Tucker County, West Virginia.

7. The Plaintiff had just started out the day and were on a slope called Whiteout, which is designated as a "green circle" or beginners' slope.




8. At that same time, the Defendant was also skiing at Timberline. The Defendant was skiing on a slope called White Lightening, which is designated as a "black diamond" or "most difficult" slope.

9. The White Lightning trail, as is shown in the inset map, merges with two other trails, including the Whiteout trail, at the approximate mid-point of mountain. Defendant Taylor descended the White Lightening trail at an extreme rate of speed and negligently and carelessly entered the Whiteout trial without slowing down and without having proper control of his direction.

10. As a result of the foregoing, Defendant Taylor collided with Plaintiff John Spencer, at that same extreme rate of speed. The impact caused Plaintiff John Spencer to suffer serious injuries, including a concussion with loss of consciousness, a fractured rib, a renal injury and various strain injuries of his back, neck and right knee.

12. At the time of the collision that caused the Plaintiff's injuries, Defendant

Taylor, as the uphill skier, owed a duty to the Plaintiff to yield to the Plaintiff's right-of-way and to reasonably control his speed and direction so to be able to avoid collisions like the one at issue in this case. Additionally, Defendant Taylor owed a duty to the Plaintiff to recognize that he was entering a group merging trails that would contain increased traffic and skiers traveling at lower speeds who would have no ability to anticipate or react to those approaching from above.

13. The Plaintiff's injuries were proximately caused by Defendant Taylor's negligent breaches of the above duties. Defendant Taylor's negligence includes, but is not necessarily limited to, his failure to maintain control of his speed and direction; ignoring the fact that he was transitioning onto a green circle trail where multiple trails merged and there was likely to be additional traffic; ignoring the fact that the green circle trail onto which he merged was likely to be occupied by less experience skiers traveling at lower speeds; and his failure to yield the right-of-way to the Plaintiff who was the downhill skier.

14. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered injuries and damages including personal injury and economic harm, both general and specific, some of which will be permanent.

**COUNT II – Loss of Consortium**

15. The Plaintiff incorporates by reference all other allegations of this

Complaint.

16. Plaintiff Christi Spencer is the wife of Plaintiff John Spencer and they were married at the time of crash described above. Additionally, Plaintiff Christi Spencer was present for and witnessed the crash event, including seeing her husband face down and unconscious in the snow.

17. As a direct and proximate result of her husband's injuries, Plaintiff Christi Spencer has suffered harm due to the impairment of her ability to enjoy a normal marital relationship, including the diminishment of her husband's normal level of companionship, affection, assistance and guidance.

**WHEREFORE**, the Plaintiffs seek relief from the Defendant, as follows:

A. Compensatory damages for past and future medical expenses, loss of household services and other such damages in an amount to be determined by the jury upon proper proof presented at trial;

B. General damages, past and future, for pain, suffering, permanent injury, loss of enjoyment of life, emotional distress, and other such damages in an amount to be determined by the jury upon proper proof presented at trial;

C. Loss of consortium;

D. Prejudgment and post-judgment interest;

E. Costs, expenses and attorneys' fees; and,

F. Any other such relief, available at law or in equity, that is deemed appropriate as this matter matures for trial.

**THE PLAINTIFFS DEMAND A JURY TRIAL**

*Dated this 19th day of June 2026.*

Plaintiffs, by Counsel,

/s/ T. Keith Gould

T. Keith Gould, Esq.
(W.V. State Bar I.D. No. 7166)
**THE MILEY LEGAL GROUP, PLLC**
229 West Main Street, Suite 400
Clarksburg, WV 26301
Phone: (304) 326-1800
kgould@mileylegal.com